UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

EDELFO CRUZ MUNOZ, JAIRON          )
GEOVANNI MONZON OROZCO and all     )
others similarly situated under 29 U.S.C.  )
216(B),                            )
                                   )
                Plaintiffs,        )
        vs.                        )
                                   )
                                   )
DORAKU LINCOLN ROAD LLC d/b/a      )
DORAKU SUSHI                       )
KEVIN AOKI,                        )
                                   )
                Defendants.        )
_____  )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiffs, EDELFO CRUZ MUNOZ and JAIRON GEOVANNI MONZON OROZCO, on

behalf of themselves and all others similarly situated under 29 U.S.C. 216(B), through

undersigned counsel, file this Complaint against Defendants, DORAKU LINCOLN ROAD LLC

d/b/a DORAKU SUSHI, and KEVIN AOKI, and alleges:

1.  This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2.  The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3.  The Defendant DORAKU LINCOLN ROAD LLC d/b/a DORAKU SUSHI is a foreign

    limited liability company that regularly transacts business within Dade County. Upon

    information and belief, the Defendant Company was the FLSA employer for Plaintiffs'

    respective period of employment ("the relevant time period").

4.  The individual Defendant KEVIN AOKI is a corporate officer and/or owner and/or manager

    of the Defendant Company who ran the day-to-day operations of the Defendant Company for

**1** of **5**

the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff EDELFO CRUZ MUNOZ worked for Defendants as a bus boy from on or about April 11, 2011 through on or about October 6, 2013.

10. Plaintiff JAIRON GEOVANNI MONZON OROZCO worked for Defendants as a sushi chef from on or about December 12, 2007 through on or about October 6, 2013, except for a 6 month period in 2009.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies.

Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2009, 2010, 2011, and 2012.

14. Upon information and belief, the Defendant Company's gross sales or business done exceeded $375,000 for the first nine months of the year 2013 and is expected to exceed $500,000 for the year 2013.

15. Between the period of on or about April 11, 2011 through on or about October 6, 2013, Plaintiff EDELFO CRUZ MUNOZ worked an average of 58 hours a week for Defendants and was paid an average of $10.00 per hour but was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

16. Between the period of on or about December 12, 2007 through on or about December 20,

2012, except for a 6 month period in 2009, Plaintiff JAIRON GEOVANNI MONZON OROZCO worked an average of 70 hours a week for Defendants and was paid an average of $11.75 per hour but was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

17. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121