IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| EDELFO CRUZ MUNOZ, JAIRON GEOVANNI MONZON OROZCO and all others similarly situated under 29 U.S.C. 216(b),<br><br>Plaintiffs,<br><br>v.<br><br>DORAKU LINCOLN ROAD LLC D/B/A DORAKU SUSHI and KEVIN AOKI,<br><br>Defendants. | Case No. 13-23852-CIV-WILLIAMS/TURNOFF |

## DORAKU LINCOLN ROAD LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Doraku Lincoln Road LLC ("Doraku Lincoln"), for its answer to Plaintiffs' Complaint, states:

1. Doraku Lincoln denies the allegations contained in paragraph 1 of the Complaint, except admits that the Complaint purports to state claims under the Fair Labor Standards Act.

2. Doraku Lincoln lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3. Doraku Lincoln denies the allegations contained in paragraph 3 of the Complaint, except admits that it is a foreign limited liability company that operates a restaurant located within Miami-Dade County, Florida, and that, at certain times, Plaintiffs were employed at Doraku Lincoln.

4. Doraku Lincoln denies the allegations contained in paragraph 4 of the Complaint, except admits that, at certain times, Kevin Aoki has been a managing member of Doraku

Lincoln.

5.  Doraku Lincoln denies the allegations contained in paragraph 5 of the Complaint, except admits that the Complaint purports to allege a dispute within Miami-Dade County.

## COUNT I

### FEDERAL OVERTIME WAGE VIOLATION

6.  Doraku Lincoln denies the allegations contained in paragraph 6 of the Complaint, except admits that the Complaint purports to state claims under the Fair Labor Standards Act.

7.  Doraku Lincoln denies the allegations contained in paragraph 7 of the Complaint, except admits that the Complaint purports to state claims under the Fair Labor Standards Act.

8.  Doraku Lincoln states that paragraph 8 of the Complaint makes legal conclusions to which no response is required.

9.  Doraku Lincoln denies the allegations contained in paragraph 9 of the Complaint, except admits that Munoz was employed by Doraku Lincoln at certain periods during the stated time.

10. Doraku Lincoln denies the allegations contained in paragraph 10 of the Complaint, except admits that Orozco was employed by Doraku Lincoln at certain periods during the stated time.

11. Doraku Lincoln states that paragraph 11 of the Complaint makes legal conclusions to which no response is required.

12. Doraku Lincoln states that paragraph 12 of the Complaint makes legal conclusions to which no response is required.

13. Doraku Lincoln denies the allegations contained in paragraph 13 of the Complaint, except admits that, at certain times, Doraku Lincoln has had annual gross sales of not

MIAMI 995174
WHITE & CASE LLP   Wachovia Financial Center, Miami, Florida 33131-2352   Tel + 1 305 371 2700

less than $500,000.00.

14. Doraku Lincoln denies the allegations contained in paragraph 14 of the Complaint, except admits that Doraku Lincoln's gross sales for the first nine months of 2013 exceed $375,000.00.

15. Doraku Lincoln denies the allegations contained in paragraph 15 of the Complaint.

16. Doraku Lincoln denies the allegations contained in paragraph 16 of the Complaint.

17. Doraku Lincoln denies the allegations contained in paragraph 17 of the Complaint.

18. Doraku Lincoln denies that Plaintiffs are entitled to the relief sought in the "wherefore clauses" following Count I of the Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, including 29 U.S.C. § 255(a).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot recover liquidated damages because Doraku Lincoln acted in good faith and in compliance with all applicable statutes and regulations, and with reasonable grounds to believe that its actions, or failures to act, did not violate the FLSA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Portal-to-Portal Act, 29 U.S.C. § 251 et seq.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands to the extent Plaintiffs submitted time sheets that did not accurately reflect the total number of hours worked or otherwise failed to record their total number of hours worked.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped and/or have waived their claims to the extent Plaintiffs submitted time sheets that did not accurately reflect the total number of hours worked or otherwise failed to record their total number of hours worked.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimus* and therefore is not compensable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the time for which Plaintiffs seek compensation for alleged unpaid hours worked does not constitute compensable time for purposes of the FLSA.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to comply with Doraku Lincoln's stated policies prohibiting off-the-clock work and failed to follow Doraku Lincoln's internal reporting systems.

MIAMI 995174

WHITE & CASE LLP    Wachovia Financial Center, Miami, Florida 33131-2352   Tel + 1 305 371 2700

TENTH AFFIRMATIVE DEFENSE

Doraku Lincoln reserves the right to plead, assert and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiffs or persons Plaintiffs purport to represent or otherwise through discovery.

WHEREFORE, having fully answered the Complaint, Doraku Lincoln demands that Plaintiffs take nothing and go hence without day.

    Respectfully submitted,

    WHITE & CASE LLP
    Wachovia Financial Center
    200 South Biscayne Boulevard
    Suite 4900
    Miami, Florida 33131-2352
    Telephone: (305) 371-2700

    By: s/ Jason R. Domark
        Jaime A. Bianchi
        Florida Bar No. 908533
        jbianchi@whitecase.com
        Nicole H. Sulsky
        Florida Bar No. 371520
        nsulsky@whitecase.com
        Jason R. Domark
        Florida Bar No. 0880191
        jdomark@whitecase.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on December 11, 2013 via the Clerk of Court's CM/ECF system, which will serve a copy on all counsel of record.

    *s/ Jason R. Domark*
    Jason R. Domark

MIAMI 995174

WHITE & CASE LLP   Wachovia Financial Center, Miami, Florida 33131-2352   Tel + 1 305 371 2700